IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOREMEKUN BOBA, #299472 *
        Plaintiff,
    v. * CIVIL ACTION NO. PJM-06-814

FRANK C. SIZER JR. *
        Defendant.
                                ***

## MEMORANDUM OPINION

On March 28, 2006, this Court received the instant action filed on prisoner 42 U.S.C. § 1983 civil rights forms. Soremekun Boba, who is confined at the Southern Maryland Pre-Release Unit in Charlotte Hall, Maryland, seeks the restoration of 481 days of good conduct credits he lost as part of a prison disciplinary sanction in June of 2001. Boba seemingly argues that the revoked good conduct credits should be restored because (i) the disciplinary proceedings in 2001 were based upon correctional regulations that were declared invalid by the Court of Appeals of Maryland in 2005,[1] and (ii) the sentence he was serving when the credits were originally revoked no longer exists and a later adjustment to the number of credits revoked occurred without affording him due process. Paper No. 1. Because he appears indigent, Boba's Motion to Proceed In Forma Pauperis shall be granted.

---

[1] *See Massey v. Secretary, Dep't of Public Safety and Correctional Services*, 389 Md. 496, 886 A.2d 585 (Md. Nov 21, 2005). In *Massey*, the Court of Appeals of Maryland concluded that the directives of the Secretary of Department of Public Safety and Correctional Services dealing with inmate discipline and the procedures for charging offenses constituted regulations under the Administrative Procedure Act ("APA"), and thus, to be legally effective, were to be adopted in conformance with the APA. *See Massey*, 389 Md. at 517-525, 886 A.2d at 597-602.

Boba's primary reason for bringing this action is to challenge the disciplinary proceeding and to obtain the restoration of revoked diminution credits. A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should process as habeas corpus matter). Therefore, the matter has been construed as a 28 U.S.C. § 2241 challenge to execution of his sentence.[2]

Boba does not contend that a state remedy is unavailable for his claim. A review of the cause of action reveals that he has not exhausted his state court remedies as to this issue. Therefore, his action must be dismissed for the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

An inmate in the custody of the Maryland Division of Correction who wish to seek the restoration of revoked diminution credits has two possible avenues for relief. Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by:

> 1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq*.,* to the warden of the institution where he is confined;
>
> 2. Appealing a denial of the request by the warden to the Commissioner;

---

[2] An inmate's § 1983 complaint seeking damages for alleged violations in a prison disciplinary proceeding that resulted in the loss of good conduct credits is not cognizable unless the disciplinary determination has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 645-648 (1997).

    3.      Filing a complaint with the Inmate Grievance Office ("IGO");

    4.      Appealing a final decision of the IGO to the Circuit Court;

    5.      Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

    6.      *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.[3]

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

    1.      Filing a petition for writ of habeas corpus in a Circuit Court;

    2.      Appealing a decision by the Circuit Court to the Court of Special Appeals;[4] and

    3.      Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Because Boba has not utilized any of these procedures, his case will be dismissed for failure to exhaust available state court remedies. A separate Order shall follow.

 

                                                            /s/
                                             PETER J. MESSITTE
April 5, 2006                            UNITED STATES DISTRICT JUDGE

---

[3]    Boba's attachments fail to demonstrate that he has fully exhausted the court remedies available to him.

[4]    Although at one time, this Court interpreted Maryland law as not permitting appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).